UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTMUT JASCHKE, and AGNES JASCHKE, individually and as Successors-in-Interest to the Estate of SUSANNE JASCHKE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Veronica L. Jose, as Personal Representative of the Estate of JOHN FELIPE DE LEON JOSE, deceased, and DOES ONE through ONE HUNDRED, inclusive,<br><br>Defendants. | No. 2:13-cv-02364-KJM-DAD<br><br><br>ORDER |

        This matter is before the court on plaintiffs' Motion to Remand this case to the Solano County Superior Court. (Pls.' Mot. Remand, ECF 12.) Also before the court is plaintiffs' request for costs and attorney fees. (*Id.*) Defendant opposes plaintiffs' Motion to Remand and request for costs and attorney fees. (Defs.' Opp'n, ECF 17.) The court held a hearing on the matter on January 17, 2014, at which Michael Danko appeared for plaintiffs and Scott Cunningham for defendants. As explained below, the court GRANTS plaintiffs' Motion to Remand and DENIES plaintiffs' request for costs and attorney fees.

/////

/////

1

I.     INTRODUCTION AND PROCEDURAL BACKGROUND

This wrongful death and survival action arises out of a fatal airplane crash that took place on March 1, 2012, in Egelsbach, Germany.  (ECF 12 at 2.)  According to the complaint, Susanne Jaschke ("Ms. Jaschke") was a passenger on a Cessna 750 Citation X aircraft, and Jon Felipe De Leon Jose ("Mr. Jose") (incorrectly spelled as "John Felipe De Leon Jose") was one of the aircraft's pilots.  (Compl. ¶¶ 5-6.)  Neither of them survived the crash.  (*Id.*)

On June 19, 2013, plaintiffs Hartmut and Agnes Jaschkes, Ms. Jaschke's parents, filed a complaint in the Solano County Superior Court against The Estate of John Felipe De Leon Jose.  (Defs.' Notice of Removal, Compl., Ex. 1 ("Compl."), ECF 1.)  On November 14, 2013, defendant estate, through its personal representative, Veronica L. Jose, removed the case to this court, invoking the court's jurisdiction under 28 U.S.C. § 1332(a).  (ECF 1.)  On December 20, 2013, plaintiffs filed the instant motion to remand.  (ECF 12.)  Defendant filed an opposition on January 3, 2014.  (ECF 17.)  Plaintiffs filed a reply on January 10, 2014.  (Pls.' Reply, ECF 19.)  For the reasons set forth below, plaintiffs' motion is granted.

II.    LEGAL STANDARD

The removal statute provides: "[A]ny civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction" may be removed by a defendant to a federal district court.  28 U.S.C. § 1441(a).  One situation where federal courts have original jurisdiction is where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs" and where there is complete diversity between the parties.  28 U.S.C. § 1332(a).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  There is a "strong presumption" against removal jurisdiction, which "means that the defendant always has the burden of establishing that removal is proper." *Id.*  Furthermore,

1 "removal jurisdiction is strictly construed in favor of remand." *Nasrawi v. Buck Consultants,*

2 *LLC*, No. 1:09–CV–02061–OWW–GSA, 2011 WL 846151, at *6 (E.D. Cal. Mar. 8, 2011) (citing

3 *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005)).  Accordingly, "the court

4 resolves all ambiguity in favor of remand to state court." *Hunter v. Phillip Morris USA*, 582 F.3d

5 1039, 1042 (9th Cir. 2009).

6 III.     DISCUSSION

7       Here, the parties do not dispute the diversity of citizenship requirement of

8 28 U.S.C. § 1332(a).  Plaintiffs are domiciled in and are citizens of Germany (ECF 1 ¶ 5) while

9 Mr. Jose was domiciled in California (*id.* ¶ 6).  Defendant Veronica L. Jose is considered to be

10 domiciled in California.  28 U.S.C. § 1332(c)(2) ("For purposes of this section and section 1441

11 of this title . . . the legal representative of the estate of a decedent shall be deemed to be a citizen

12 only of the same State as the decedent . . . .").  Nor is there a dispute over the amount in

13 controversy requirement.  Rather, the parties dispute whether the "forum defendant" exception to

14 diversity jurisdiction under 28 U.S.C. § 1441(b) applies in the instant case.  (ECF 12 at 3; ECF 17

15 at 2.)  Accordingly, the court addresses that dispute only.

16       Plaintiffs argue the case should be remanded because removal based on diversity

17 of citizenship is precluded where the removing defendant is a citizen of the state in which the

18 action is brought.  (ECF 12 at 2.)  Because defendant in this case is a citizen of California, the

19 state in which this action is brought, the "forum defendant" rule should preclude this court's

20 exercise of jurisdiction under 28 U.S.C. § 1332(a).  (*Id.*)

21       Defendant responds, "based upon binding Ninth Circuit precedent, . . . plaintiffs

22 waived any procedural defects in the removal when they failed to timely file their Motion to

23 Remand."  (ECF 17 at 2.)  Specifically, defendant argues the "forum defendant" rule is a

24 procedural rule; thus, it is subject to the 30-day period in which plaintiffs had to move for

25 remand.  (*Id.*)  Because plaintiffs moved for remand more than 30 days after defendant filed the

26 Notice of Removal, plaintiffs waived the "forum defendant" argument.  (*Id.*)

27 /////

28 /////

A.     Forum Defendant

28 U.S.C. § 1441(b) limits removal on the basis of diversity jurisdiction to cases where "no defendant is a citizen of the forum state." *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006). This limitation is known as the "forum defendant" rule. *Id.* at 940.

Here, the parties do not dispute that defendant is a citizen of California. (ECF 12 at 4; ECF 17 at 4.) Rather, defendant argues that plaintiffs waived the application of this rule by moving to remand more than 30 days after their filing of the Notice of Removal. (ECF 17 at 2.) Accordingly, the court considers whether plaintiffs waived this non-jurisdictional defect in defendant's removal.

In *Lively*, the Ninth Circuit held that "the forum defendant rule embodied in § 1441(b) is a procedural requirement, and thus a violation of this rule constitutes a waivable non-jurisdictional defect subject to the 30-day time limit imposed by § 1447(c)." 456 F.3d at 942. Under § 1447(c), "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ."

Here, defendant removed the case on November 14, 2013 (ECF 1), and plaintiffs filed their Motion to Remand on December 20, 2013 (ECF 12), more than 30 days after defendant filed the Notice of Removal. However, plaintiffs argue that defendant did not promptly serve them with a notice of removal as required by 28 U.S.C. § 1446(d); thus, waiver should not bar their motion. (ECF 19 at 2.) Accordingly, the court addresses whether defendant complied with § 1446(d) requirements.

B.     § 1446(d) Requirements

Plaintiffs argue defendant did not provide them with a notice of removal until November 20, 2013, six days after the filing of the Notice of Removal on November 14, 2013. (ECF 19 at 3.) Additionally, because defendant "sent the notice by U.S. postal service to [p]laintiffs' counsel's former address," plaintiffs "did not know about the removal until December 4, 2013." (*Id.*) Plaintiffs essentially argue they reasonably counted the 30-day deadline from the date of the Notice of Filing of Notice of Removal, November 21, 2013, and

4

1  defendant should be estopped from challenging the timeliness of the motion to remand.  (*Id.*)

2  Section 1446(d) provides in relevant part:

3  Promptly after the filing of such notice of removal of a civil action
4  the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court
5  shall proceed no further unless and until the case is remanded.

6  28 U.S.C. § 1446(d).  There is no binding precedent that defines the term "promptly" in this

7  context.  The adverb "prompt" is defined in the Oxford English Dictionary as "exactly or

8  punctually."  OXFORD ENGLISH DICTIONARY 815 (3rd ed. 2005).  Additionally, the Oxford

9  Thesaurus offers the following synonyms: "punctually, . . . without delay, . . . quickly . . . ."

10  OXFORD THESAURUS 655 (3rd ed. 2005).  *See United States v. Kelly*, 676 F.3d 912, 917 (9th Cir.

11  2012) (noting when a statute is silent as to a term's definition, courts interpret that term by using

12  the ordinary and common meaning of that word).

13  "The court may order remand when the defendants have unduly delayed in giving

14  notice to the adverse parties . . . ."  14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE &

15  PROCEDURE § 3735 (4th ed. 2013) (collecting district court cases).  What constitutes undue delay

16  depends on the circumstances of each case.  *Id.*  In determining whether delay was undue, courts

17  may look at the following factors: (1) whether there were compelling reasons for the delayed

18  notice; (2) whether the plaintiff was prejudiced because of the delay; and (3) whether the

19  defendant exerted good faith effort to provide notice.  *Id.*; *see also Busby v. Capital One, N.A.*,

20  759 F. Supp. 2d 81, 85 (D.D.C. 2011) (collecting cases).

21  Here, all relevant factors weigh in favor of finding defendant's delayed notice

22  unjustified.  As to the first factor, when asked at hearing what reasons defendant had for the

23  delayed notice, defendant was unable to provide any.  As to the second factor, plaintiffs were

24  prejudiced as a result of the delay, as more timely notice would have decreased the chance they

25  would miss the 30-day deadline, and the parties do not dispute that the "forum defendant" rule

26  would support remand absent waiver.  (*See* ECF 17 at 4-5.)

27  As to the third factor, the record does not clearly support defendant's good-faith

28  effort to provide notice.  While defense counsel's legal assistant states that the documents they

had received in this matter "did not include any notification of a change of address for plaintiffs' counsel," there is evidence creating a dispute as to whether the current counsel had any type of knowledge of the address change. (Garcia Decl. ¶¶ 4-6, ECF 27.)  In a July 10, 2013 letter, plaintiffs' counsel informed defendant's then-counsel in a separate De Leon probate matter, that the firm name and address of plaintiffs' counsel had changed. (Nishiki Decl. ¶ 3, ECF 20.)  In an August 9, 2013 letter, a paralegal of defendant's then-counsel's law firm wrote an email to plaintiffs' counsel stating that the copies of the documents sent to their office had been emailed to defendant's current counsel.  *See* Danko Decl. ¶ 5, ECF 21.  Nevertheless, the current counsel's firm mailed the notice of removal to plaintiffs' counsel's old address, on November 20, 2013. (ECF 5 ¶ 4.)  Moreover, although defense counsel's legal assistant volunteers she waited for six days to receive an email from this court's clerk confirming the filing of the Notice of Removal, nothing required confirmation prior to notifying plaintiffs, and it is not clear why notice was not provided in the meantime, even if by courtesy telephone call.  (Garcia Decl. ¶¶ 4-6, ECF 27.)

Because defendant's delay in providing notice of the filing of the Notice of Removal to plaintiffs is unsupported by compelling reasons and prejudiced plaintiffs, and because the record does not clearly support defendant's exercise of good faith effort to provide notice, this court finds remand justified.

C.     Request for Costs and Attorney Fees

Plaintiffs Motion to Remand seeks attorney fees and costs associated with bringing the instant motion, in the amount of $2,700.  (ECF 12 at 5.)  Defendant responds plaintiffs are not entitled to an award of attorney fees and costs "because [defendant] had an objectively reasonable basis . . . for removing this action"  (ECF 17 at 6.)

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c). There is no automatic entitlement to such an award; the award lies within a district court's sound discretion. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).  In exercising its discretion, a district court must consider the propriety of the removal: "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

The court finds that an award of attorney fees and costs is not warranted in this case.  Defendant removed this action arguing this court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a).  (ECF 1 at 2-3.)  Because the parties are diverse, and the amount in controversy is not in dispute, defendant believed this court had diversity jurisdiction and thus sought removal.  (*Id.*)  Moreover, because the "forum defendant" rule is a waivable procedural defect as explained above, it is possible plaintiffs would have waived the rule even if they had received prompt notice.  Accordingly, defendant had an objectively reasonable basis for seeking removal.  The court declines to award attorney fees and costs to plaintiffs.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the court orders as follows:

1. Plaintiffs' Motion to Remand is GRANTED and this case is remanded to the Solano County Superior Court.  The clerk is directed to CLOSE the case.
2. Plaintiffs' request for costs and attorney fees is DENIED.

IT IS SO ORDERED.

Dated:  February 4, 2014.

_____
UNITED STATES DISTRICT JUDGE