UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARTMUT JASCHKE, and AGNES JASCHKE, individually and as Successors-in-Interest to the Estate of SUSANNE JASCHKE, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>Veronica L. Jose, as Personal Representative of the Estate of JOHN FELIPE DE LEON JOSE, deceased, and DOES ONE through ONE HUNDRED, inclusive,<br><br>Defendants. | No. 2:13-cv-02364-KJM-DAD<br><br><br>ORDER |

This matter is before the court on defendant's Motion for Reconsideration of this court's February 4, 2014 order granting plaintiffs' Motion to Remand. (ECF 32.) Plaintiffs oppose the motion. (ECF 33.) The court decided the matter without a hearing. As explained below, the court DENIES defendant's Motion for Reconsideration.

Defendant argues reconsideration is proper because the court committed the following errors: (1) the court considered issues raised for the first time in plaintiffs' reply brief and (2) the court had no authority to remand the action based on a procedural defect where plaintiffs brought the motion to remand more than thirty days after defendant's removal. (ECF 32-2 at 1.)

1

"[A]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ." 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." *Seedman v. U.S. Dist. Court for Cent. Dist. of California*, 837 F.2d 413, 414 (9th Cir. 1988). In fact, "once a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." (*Id.*)

Here, the clerk of this court mailed a certified copy of the remand order to the state court on February 5, 2014. (*See* Docket.) This court has no authority to reconsider its order granting plaintiffs' Motion to Remand. The court DENIES the motion on these grounds, without reaching the merits. *See Seedman*, 837 F.2d at 414 (holding "after certification to the state court a federal court cannot vacate a remand order . . . ."); *see also In re Lowe*, 102 F.3d 731, 736 (4th Cir. 1996) (holding "that a federal court loses jurisdiction over a case as soon as its order to remand the case is entered").

IT IS SO ORDERED.

DATED: March 13, 2014.

UNITED STATES DISTRICT JUDGE